JUNIOR HALL, INC., T/A SEATON HALL v. CHARM FASHION CENTER, INC.

(Filed 17 March, 1965.)

**Evidence § 58—**

> Where defendant's witness testifies that the merchandise in question was defective and not marketable, it is competent for the seller's attorney to elicit on cross-examination that the witness had appeared as a witness in another like suit and that the witness had known the purchaser over a number of years and was raised in the same town, and the court correctly instructs the jury that such testimony was admitted for the purpose of showing bias, if it did so show.

APPEAL by defendant from *Huskins, J.,* November 9, 1964 "A" Civil Session, MECKLENBURG Superior Court.

Civil action by plaintiff, a Massachusetts corporation, to recover $1,614.25 from the defendant, a North Carolina corporation, allegedly due by account for articles of wearing apparel sold and delivered to the defendant.

The defendant answered, admitted the receipt of certain shipments of wearing apparel, but some of which on account of defective material and workmanship were unsalable and were returned to the plaintiff. The defendant denied there was any balance due on the account.

Both parties introduced evidence. The jury found the defendant was indebted to the plaintiff in the sum of $1,348.25. From a judgment on the verdict, the defendant appealed.

*Harkey, Faggart, Coira & Fletcher by Francis M. Fletcher, Jr., for plaintiff appellee.*

*Winfred R. Ervin for defendant appellant.*

PER CURIAM. The plaintiff's evidence, oral and record, was sufficient to go to the jury and to support the verdict. The defendant's sole assignments of error discussed in the brief relate to the questions propounded by counsel to a defendant's witness designed to show bias. The witness testified that she was in defendant's store at the time a

large shipment from Seaton Hall was delivered. "The workmanship was so poor I did not want any of it . . . I told her (Mrs. Davis, President of the defendant) I would not hang it in my store even as seconds or thirds . . . In my opinion the merchandise I saw was not marketable."

On cross-examination, she testified she had known Mrs. Davis "quite a few years. Both of us were raised up near Boone." On cross-examination, the witness testified, over objection, that she had appeared as a witness at the request of Mrs. Davis in another suit involving the return of merchandise from another shipper. The court instructed the jury: "This is admitted . . . for the purpose of showing bias . . . if in fact it does tend to do so . . . a matter for the jury to determine."

The testimony of the witness, in view of her relationship to the president of the defendant, was such as to be admissible on the question of bias. The court limited the testimony to that purpose. In the trial, we find

No error.